UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MIGUEL CABRERA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| **STATE FARM LLOYDS,** | § § § | |
| Defendant. | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) and shows as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On December 9, 2022, Plaintiff filed an Original Petition in Cause No. DC-22-16917 in the 95th Judicial District, Dallas County, Texas, initiating a civil cause of action against Defendant. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm Lloyds.

3. Plaintiff alleges multiple causes of action against Defendant related to State Farm's handling of a property insurance claim submitted by Plaintiff. Plaintiff alleges breach of contract; non-compliance with Chapter 541 of the Texas Insurance Code; non-compliance with Chapter 542 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; and violations of the Texas DTPA. Plaintiff further alleges that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. State Farm received the Citation and Plaintiff's Original Petition via personal service on Corporation Service Company on or about January 3, 2023. State Farm filed its Original Answer to Plaintiff's Original Petition on January 20, 2023. <u>Exhibit E</u>.

5. Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Dallas County state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was and still is, domiciled in Dallas County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is a Texas citizen.

8. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action

was commenced, and still are, all citizens of Illinois for diversity purposes. The current underwriters for State Farm Lloyds are:

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson: Ms. Johnson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain

in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo: Ms. Russo is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

9.  Relying on Plaintiff's pleaded facts without any admission as to their truth, Plaintiff pleads that Plaintiff is the named insureds under a State Farm homeowner's insurance policy. Exhibit C, at ¶ 7. Plaintiff pleads that Plaintiff suffered damages to Plaintiff's residential property from a hail/windstorm. *Id.* at ¶ 10. And Plaintiff pleads that Plaintiff submitted an insurance claim to State Farm for this alleged damage. *Id.* at ¶¶ 11-12.

### B. The Amount in Controversy Exceeds $75,000.

10.  Additionally, the damages pleaded by Plaintiffs exceed $75,000. Plaintiff pleads "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees." *Id*. at ¶ 4. Plaintiff pleads that he hired a public adjuster to inspect Plaintiff's property and provide an estimate of covered damages, which he alleges total $52,241.13. *Id*. at ¶¶14-15. Plaintiff seeks actual damages, attorney's fees, and extra-contractual damages including exemplary and punitive damages for "knowing" violations. *Id.* at pp. 10-11. Under the Texas Insurance Code, treble damages may be awarded if the jury finds that a defendant's violations were committed knowingly. As such, a jury could award damages greater than $75,000 in this case; and therefore, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

### III.  VENUE

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 95th Judicial District, Dallas County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV.  PROCEDURAL REQUIREMENTS

12. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiff's Original Petition Filed on December 9, 2022 |
| D. | Citation Issued on State Farm and Return of Service filed with the Court on January 17, 2023 |
| E. | State Farm's Answer to Plaintiff's Original Petition Filed on January 20, 2023 |
| F. | Affidavit of Weslie Sawyer |
| G. | List of Counsel of Record |

13. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 95th Judicial District, Dallas County, Texas promptly after filing of same.

## V.   CONCLUSION

17. State Farm respectfully requests that the above-captioned action now pending in 95th Judicial District, Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
SAMUEL T. SCOTT JR.
State Bar No. 24117031
Sam.scott@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on January 23, 2023.

                                      */s/ Susan E. Egeland*
                                      SUSAN E. EGELAND